(No. 5177.   July 30, 1929.)

ALVA   STOCKWELL,  Respondent,  v.   HOLT   LAND
COMPANY, Appellant.

[279 Pac. 629.]

Walter  Griffiths,  for  Appellant  Holt  Land  Co.

Thos. E. Buckner and Donald Anderson, for Respondent,
cite no authorities on point decided.

T. BAILEY LEE, J.—Plaintiff and respondent, Stock-
well, sued defendant, Holt Land Co., to foreclose a material-

man's lien. Defendant plead settlement and receipt in full. The case was tried by the court, a jury sitting in an advisory capacity. Findings were duly made in plaintiff's favor, and judgment entered thereon. The ·defendant appealed, contending, amongst other things, that there is no evidence in the record to support either findings or judgment.

It is only necessary to scan the evidence. In support of its defense, defendant had introduced the following order theretofore signed and delivered it by plaintiff:

"To the Holt Land Company, a Corporation, and Walter Griffiths, Its Manager, Caldwell, Idaho.

"This is to authorize you to pay to the above named plaintiff, Lena Hartkopf, the sum of $125.00 owing by you to me, which sum has been levied upon by writ of attach-. ment in above case. Upon payment of said sum by you to said Lena Hartkopf all claims which I may have against you for labor, services, materials, or for any other matter whatsoever, shall be deemed fully paid and satisfied, and this order shall be your receipt therefor.

"Dated May 6, 1927.

"(Signed)   E. A. STOCKWELL.

"Witness to signature:

"(Signed)   MILDRED RANNEY."

Plaintiff testified that when he read and signed this instrument the second paragraph thereof had not been incorporated. That there had been no addition to the original writing was attested not only by the attorney who drew it, but by two other witnesses. Touching this issue, the court merely found that the said instrument "was issued through a mistake and was not intended to serve as a release of the Holt Land Co."

The writing is plain and unambiguous. Plaintiff can read, says he did read it, that the signature is his, but he eschews the concluding paragraph. It is elementary that one able to read cannot avoid an unambiguous, written instrument submitted to him and signed by him, on the ground that he did not understand its terms. It was physically and

legally impossible for plaintiff to have signed whatever he actually did sign, through a mistake. If he told the truth as to what he signed, he knew full well what he was doing. If he falsified, not being blind or illiterate, he knew the same thing. In either case, mistake was out of the question. If his testimony were true, without doubt he had been subjected to a detestable fraud perpetrated after the attaching of his signature; and, the moment such doctored instrument popped up in evidence, he should have mailed it as such, necessitating a finding based on the evidence introduced instead of one erroneously predicated.

Judgment reversed; new trial ordered. Costs to appellant.

Wm. E. Lee and Varian, JJ., concur.

Givens, J., dissents.

Budge, C. J., did not take part.